U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUGH DEAR,  )  <br>      Plaintiff  )  <br>        )  <br> v.    )  <br>        )  <br> MASSACHUSETTS BAY  )  <br> COMMUTER RAILROAD,  )  <br>      Defendant  )  | CIVIL ACTION NO. 04-11803 RWZ |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Now comes the defendant, Massachusetts Bay Commuter Railroad, in the above-entitled action and hereby answers the numbered paragraphs of the plaintiff's Complaint as follows:

1. The defendant is not called upon to either admit or deny the allegations contained within paragraph 1 of the plaintiff's complaint.

2. The defendant admits the allegations contained within paragraph 2 of the plaintiff's complaint.

3. The defendant admits the allegations contained within paragraph 3 of the plaintiff's complaint.

4. The defendant denies the allegations contained within paragraph 4 of the plaintiff's complaint.

5. The defendant denies the allegations contained within paragraph 5 of the plaintiff's complaint.

6. The defendant denies the allegations contained within paragraph 6 of the plaintiff's complaint.

7. The defendant denies the allegations contained within paragraph 7 of the plaintiff's complaint.

WHEREFORE, the defendant denies that the plaintiff is entitled to judgment against it as alleged in his complaint.

## **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE
    And further answering, the defendant states that the plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
    And further answering, the defendant states that if it was guilty of any negligence proximately causing the plaintiff's injuries, which the defendant expressly denies, then the plaintiff is guilty of negligence contributing to cause said injuries and damages.

THIRD AFFIRMATIVE DEFENSE
    And further answering, the defendant states that the plaintiff's claims should be barred because the plaintiff was guilty of negligence which was a contributing cause of his own injuries and which negligence was greater than the amount of negligence, if any, attributable to the defendant, or alternatively, the plaintiff's claim should be reduced by the amount of the plaintiff's own negligence.

FOURTH AFFIRMATIVE DEFENSE
    And further answering, the defendant states that the actions or inactions of the defendant were not the proximate cause of the plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superceding causes for which the defendant is not responsible.

FIFTH AFFIRMATIVE DEFENSE
    And further answering, the defendant states that the acts or failures to act alleged in the plaintiff's complaint were committed or omitted, if at all, by parties for whose conduct or inaction the defendant was not, and is not, legally responsible.

SIXTH AFFIRMATIVE DEFENSE
    And further answering, the defendant states that if it should be determined that the defendant was negligent and that such negligence exceeded that of the plaintiff, the damages assessable against the defendant should be reduced by the percentage of the negligence attributable to the plaintiff pursuant to the provisions of 45 U.S.C.A. 5, sec. 53.

SEVENTH AFFIRMATIVE DEFENSE
    And further answering, the plaintiff's claim is barred because the plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

EIGHTH AFFIRMATIVE DEFENSE
    And further answering, the plaintiff's claim is barred for failure to join one or more indispensable parties.

NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that if it was negligent, as alleged in the plaintiff's complaint, which negligence it denies, then such negligence was not the cause of the plaintiff's alleged injuries or damages.

WHEREFORE, the defendant, Massachusetts Bay Commuter Railroad, respectfully request that this Court:

1. Deny the relief sought by the plaintiff in his complaint and dismiss said complaint with prejudice;

2. Award Massachusetts Bay Commuter Railroad its reasonable costs and attorney's fees; and

3. Order such other and further relief as the Court deems just and proper.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,
Defendant,
MASSACHUSETTS BAY
COMMUTER RAILROAD,
By its attorneys,

_/s/ Sharon H. Church_
John J. Bonistalli; BBO # 049120
Sharon H. Church; BBO # 640878
LAW OFFICES OF JOHN J. BONISTALLI
One Financial Center
Boston, MA 02111
(617) 695-3755

Dated: August 31, 2004

3

## CERTIFICATE OF SERVICE

 I, Sharon H. Church, attorney for the defendant, Massachusetts Bay Commuter Railroad, hereby certify that a true copy of the foregoing Notice of Appearance and Defendant's Answer, Affirmative Defenses and Demand for Jury Trial was sent via first class mail, postage prepaid, this 31st day of August, 2004 to:

Robert T. Naumes, Esquire
THORNTON & NAUMES
100 Summer Street
Boston, MA  02110

Michael Flynn, Esquire
LAW OFFICES OF MICHAEL FLYNN, PLLC
1205 Franklin Avenue
Garden City, NY  11530

*/s/ Sharon H. Church*
Sharon H. Church