UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X

HUGH DEAR,

              Plaintiff,              04 Civ. 11803 (RWZ)

-against-

MASSACHUSETTS BAY COMMUTER      JOINT PRE-TRIAL ORDER
RAILROAD,

              Defendant.

------------------------------------------------------------X

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Joint Pre-Trial Order herein:

    1)    **CONCISE SUMMARY OF EVIDENCE:**

    a)    Plaintiff:

Plaintiff, Hugh R. Dear, is a resident of Dorchester, Massachusetts and has been employed by the Massachusetts Bay Commuter Railroad as a Signalman since November 12, 1997. On July 7, 2003 at approximately 9:30 AM while working at the railroad yard in Beverly, Massachusetts, plaintiff was carrying a cross arm weighing approximately 30 pounds when he struck his knee on the trailer hitch of the MBCR truck. The truck was parked at the yard's parking lot, approximately 20 feet from the tracks. The trailer hitch involved in this accident sticks out approximately two feet and had been a common hazard which has been "previously documented", according to MBCR's Program Director since several employees have struck their knees on this hitch in the past. Plaintiff contends that defendant created and maintained a defective condition on the truck and failing to establish a rule and practice of removing the trailer hitch when the truck is not using it to haul a trailer.

As a result, plaintiff sustained a bucket handle type tear involving the posterior medial meniscus of the right knee requiring arthroscopic surgery of the left knee with partial medial meniscectomy and chondroplasty of the patella. Plaintiff lost a large percentage of his medial meniscus and has articular cartilage damage. He is at risk of developing traumatic arthritis of his left knee. Plaintiff also underwent extensive physical therapy. Plaintiff still suffers pain in his knee that becomes worse on days with bad weather. Climbing stairs is difficult and causes severe pain.

Plaintiff was out of work from July 7, 2003 to present. As of July 7, 2005, his wage loss will be $80,000.00. In addition, plaintiff has the following liens: SSB in the sum of $16,261.59 (final) and Railroad Retirement Board in the sum of $11,462.00 (not final)

b) Defendant:

Plaintiff struck his left knee while walking in the rear of a vehicle that had a trailer hitch attached to the vehicle. Plaintiff did not pay attention to the obstruction in his path in violation of several safety rules. More specifically, the plaintiff is to keep clear of any tripping hazards while walking and to say clear of any obstructions to prevent falling or injury. Moreover, the contact with the plaintiff's leg by the hitch did not cause the medial meniscus of the right knee to tear and/or require arthroscopic surgery.

2) **FACTS ESTABLISHED BY PLEADINGS OR STIPULATIONS**:

This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

The defendant is a corporation is engaged in interstate commerce by rail and operate a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

That prior to July 7, 2003, and at all times hereinafter mentioned, the defendant employed the plaintiff as a signalman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

That prior to July 7, 2003, and at all times hereinafter mentioned, the defendant maintained, operated and controlled a railroad yard in Beverly, Massachusetts where the accident occurred.

Defendant MBCR owned the truck and trailer hitch involved in this case.

3) **CONTESTED ISSUES OF FACT**:

A. Whether the defendant, through its agents, servants and employees were negligent in failing to provide plaintiff with a safe place to work.

B. Whether the negligence of the railroad, its agents, servants and employees caused, in whole or in part, no matter how slight, plaintiff's injuries?

C. Was the plaintiff negligent?

D. Did the plaintiff's negligence play any part, no matter how slight, in causing his injuries?

E. If the plaintiff was negligent, what percentage of fault can be attributed to his conduct?

F. What is the monetary damages suffered by the plaintiff?

4) **JURISDICTIONAL QUESTIONS**:

The jurisdiction of the Court is not disputed.

5) **QUESTIONS RAISED BY PENDING MOTIONS**:

None.

6) **ISSUES OF LAW**:

None.

7) **AMENDMENTS TO PLEADINGS**:

None.

8) **MATTERS TO AID IN DISPOSITION OF ACTION:**

None.

9) **PROBABLE LENGTH OF TRIAL:**

Plaintiff demands trial by jury.

　　A. Plaintiff estimates that __2__ days will be needed to present plaintiff's case.

　　B. Defendant estimates that __1__ day will be needed to present defendant's case.

10) **WITNESSES**: (names, addresses and telephone numbers)

The following witnesses may be called by the parties on their direct case:

The parties agreed that the witnesses whom each party now intends to call are those listed below. Should any party hereafter decide to call any additional witnesses, prompt notice of their identity shall be given to each party in writing setting forth the reason why said witness was not theretofore identified. No witnesses may be called at trial unless identified as above stated. Plaintiff and defendant reserve the right to call any of the witnesses listed by the opposing party.

　　A) Plaintiff's Witnesses:

Hugh Dear, 35 Rockwell Street, Dorchester, MA   (347) 830-0415

Robert Sims, 570 South Main Street, Raynham, MA  (508) 326-9099

John Prugh, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA 02111   (617) 222-3620

Steven Gerbick, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA 02111 (phone numbers unknown)

Raymond Morris, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA 02111 (phone numbers unknown)

John Payne, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA 02111 (phone numbers unknown)

Brian Dougherty, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA 02111 (phone numbers unknown)

Tony Pickney, PO Box 325, Lowell, MA 01853  (978) 375-7521

Dr. W. J. Carter, 2110 Dorchester Avenue, Suite 211, Dorchester, MA 02124 (617) 296-6622

Dr. Kenneth Harris, South Shore Internal Medicine, 100 Highland Street, Milton, MA 02186

B)   Defendant's Witnesses:

Raymond Morris, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA  02111

Steve Gerbick, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA  02111

John M. Prugh, c/o Massachusetts Bay Commuter Railroad, 89 South Street, Boston, MA  02111

Dr. Robert Pennell, 3 Nagog Park, Acton, MA  01720

Dr. Pennell is expected to testify that a single blow to the front of the knee would not cause an injury to the meniscus. A bang to the knee would cause a contusion. The tear to the knee was a preexisting and/or degenerative condition or a result of a non-reported injury away from work. The torn meniscus fragment upon examination was determined to have severe

degenerative changes. There is no causal connection between any tear of the meniscus and the contusion sustained on the date of the accident. A copy of Dr. Pennell's IME report has been furnished to the plaintiff's counsel.

11) **PROPOSED EXHIBITS**:

The exhibits that each party expects to offer at trial are as follows. No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

A)   Plaintiff's Exhibits

Letter from Robert L. Sims, Jr. to MBCR Legal Department dated February 13, 2004

Job Briefing Documentation Sheet dated 7/7/03 (previously marked as Def. Ex. 1 on 1/31/05)

Two photographs provided by plaintiff.

Photograph (previously marked as Def. Ex. 2 on 1/31/05)

Photograph (previously marked as Def. Ex. 3 on 1/31/05)

Photograph (previously marked as Def. Ex. 4 on 1/31/05)

Two additional photographs provided by defendant.

Engineering Department Safety Meeting dated 7/7/03 (previously marked as Def. Ex. 5 on 1/31/05)

Employee Injury/Illness Report completed by John M. Prugh on July 7, 2003 (previously marked as Def. Ex. 7 on 1/31/05)

        Hand written note from Steven Gerbick dated 7/8/03 (previously marked as Def. Ex. 8 on 1/31/05)

        Investigation Committee Report dated 9/18/03 (previously marked as Def. Ex. 9 on 1/31/05)

        Medical records and reports of Dr. W. J. Carter

        Medical records of Dr. Harris and Dr. Acroid at South Shore Internal Medicine

        Medical records of Milton Sports Therapy

        Medical records from Carney Hospital – treatment on 9/19/03

        Medical records from Carney Hospital – treatment on 3/17/04

        Any exhibits listed by defendant.

    B)    <u>Defendant's Exhibits</u>

        1.    Relevant safety rules for railroad employees (Rules 4253, 4014 and any other related safety rules.)

        2.    A copy of the independent medical examination by Dr. Robert Pennell

        All parties reserve the right to offer into evidence any of the exhibits described above, and reserve the right to offer any of the exhibits listed by the other party and any exhibits required by way of rebuttal. All parties reserve the right to object to the introduction into evidence of the aforesaid exhibits on the grounds of materiality, relevancy or hearsay. Should any party hereafter decide to offer additional exhibits, prompt notice thereof shall be given in writing to the other party setting forth the reason why said exhibit was not theretofore identified. No exhibit may be offered at trial unless identified as above stated.

        Copies of hospital records may be offered into evidence if authenticated by a letter or other certificate which purports to be that of the custodian of the records, who certifies that the copy is true and complete. More formal proof of the authenticity of the records is waived.

12) **OBJECTIONS TO EVIDENCE:**

13) **MODIFICATION OF ORDER**

To prevent manifest injustice or upon motion for good cause shown, at the trial or this action or prior thereto the Court may modify this Pre-Trial Order upon such conditions as the Court may deem just and proper.

IT IS ORDERED that the Court may in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon motion of the Court, modify this Pre-trial Order upon such conditions as the Court may deem just and proper.

IT IS FURTHER ORDERED that requests for instructions shall be submitted to the trial Court at the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of the evidence on matters that cannot be reasonably anticipated.

CONSENTED TO:

Law Offices of Michael Flynn, PLLC

By: _____
MICHAEL FLYNN
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

Law Offices of John J. Bonistalli

By: _____
JOHN J. BONISTALLI
Attorneys for Defendant
One Financial Center, 28th Fl.
Boston, MA 02111
(617) 695-3755

Thorton & Naumes

By: _____
ROBERT M. BYRNE
~~ROBERT NAUMES~~
Local Counsel for Plaintiff
100 Summer Street, 30th Fl.
Boston, MA 02110
(617) 720-1333

Dated:  Nassau, New York

SO ORDERED:

_____
RYA W. ZOBEL
United States District Judge