UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUGH DEAR,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>COMMUTER RAILROAD,<br>    Defendant | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-11803 RWZ<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD'S REQUEST
FOR JURY INSTRUCTIONS**

Now comes the defendant, Massachusetts Bay Commuter Railroad ("MBCR") and pursuant to Fed. R. Civ. P. 51(b) requests that this honorable Court instruct the jury with the following jury instructions. MBCR respectfully reserves the right to supplement these requests in keeping with the evidence introduced at trial.

                                          Respectfully Submitted,
                                          Massachusetts Bay Commuter Railroad
                                          By Its Attorney

Dated: 7-11-05

                                          /s/ John J. Bonistalli
                                          John Bonistalli, Esq. (BBO# 049120)
                                          Law Offices of John J. Bonistalli
                                          One Financial Center
                                          Boston, MA 02111
                                          (617) 695-3755, ext. 22

REQUEST NO. 1          Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said-or what I may say in these instructions- about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more

credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Modern Federal Jury Instructions
Ch. 71, Instruction 71-3 (Matthew Bender, 1997)

<u>REQUEST NO. 2</u>     Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

> Modern Federal Jury Instructions
> Ch. 71, Instruction 71-4 (Matthew Bender, 1997)

<u>REQUEST NO. 3</u>            Sympathy

Under your oath as jurors, you are not to be swayed by sympathy. You should be should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence of lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Modern Federal Jury Instructions<br>Ch. 71, Instruction 71-10 (Matthew Bender, 1997)

REQUEST NO. 4          Parties

In this case, the defendant is a railroad. The mere fact that one of the parties is a railroad does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and railroads, big or small, are entitled to the same fair consideration as you would give any other individual party.

>   Modern Federal Jury Instructions
>   Ch. 72, Instruction 72-1 (Matthew Bender, 1997)

REQUEST NO. 5             Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his demeanor- that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of this case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability

of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

>Modern Federal Jury Instructions
>Ch. 76, Instruction 76-1 (Matthew Bender, 1997)

<u>REQUEST NO. 6</u>     Impeachment

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to discredit such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Devitt, Blackmar & Wolff, Fedl. Jury Practice & Instruction, § 73.04 (4th ed. 1987)

<u>REQUEST NO. 7</u>	Interested Witness

The plaintiff is an interested witness in this case. An interested witness is not necessarily less believable than a disinterested witness. The fact that the plaintiff is interested in the outcome of the case does not mean that the plaintiff has not told the truth on the witness stand. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by the plaintiff's interest. You may, if you consider it proper under all of the circumstances, not chose to believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of plaintiff's testimony as you find reliable and reject such part as you find unworthy of acceptance.

1A New York Pattern Jury Instructions PJI, 1:91 (3rd ed. 1998)

<u>REQUEST NO. 8</u>          Expert Witness-Generally

You have heard testimony from _____. An expert is allowed to express his/her opinion on those matters about which he/she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing Dr. Kramer's testimony, you may consider his qualification, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Modern Federal Jury Instructions, Ch. 76, Instruction 76-9 (Matthew Bender, 1997)

REQUEST NO. 9            Burden of Proof- General

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence. If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

If upon consideration of all the facts on the issue of the defendant's negligence you find that the plaintiff has failed to establish the burden cast upon it, then you proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden on this issue, then you need to consider the issue of contributory negligence. In this regard, the burden is on the defendant to establish the affirmative defense of contributory negligence by a preponderance of the evidence.

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has established the essential elements of his case and that the defendant has not sustained his burden of the affirmative defense, they you proceed to consider the issue of damages.

Modern Federal Jury Instructions, Ch. 73, Instruction 73-1 (Matthew Bender, 1997)

REQUEST NO. 10            Preponderance of the Evidence

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim. As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the defendant, as I will explain.

To establish " by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instr. § 85.15 (4th ed. 1987)

REQUEST NO. 11          Negligence Required

The plaintiff brings this action against the defendant railroad under the Federal Employer's Liability Act. The basis for holding a railroad liable under this Act must be the railroad's negligence, not the fact that the plaintiff was injured during his employment by the defendant. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a fair preponderance of the evidence. The railroad is not the guarantor of the safety of its employees while they are on duty.

Consolidated Rail Corp. v. Gottshall, 512 U. S. 532, 543 (1994)

Modern Federal Jury Instructions, Ch. 89-1, 89-8 (Matthew Bender, 1997)

REQUEST NO. 12          Negligence Defined

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would have done under the circumstances.

Modern Federal Jury Instructions, Ch. 89, Instruction 89-9 (Matthew Bender, 1997)

<u>REQUEST NO. 13</u>     Ordinary Care Defined

"Ordinary care" is that care which reasonably prudent person exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

3 Devitt, Blackmar, & Wolff, Fedl. Jury Prac. & Instruc. § 94.04 (4th ed. 1987)

<u>REQUEST NO. 14</u>         Duty to Guard Against Forseeable Risks

This definition of negligence requires the defendant to guard against those risks or dangers which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances. This means that the railroad may not be held liable on the basis of hindsight, that is, knowledge that it had after the incident, whether it exercised reasonable care must be determined in light of the circumstances that existed up to the time of the incident.

Modern Federal Jury Instructions, Ch. 89, Instruction 89-10 (Matthew Bender, 1997)

*See* <u>Gallick v. Baltimore & Ohio R. Co.</u>, 37 U.S. 108, 117 (1963)

<u>REQUEST NO. 15</u>          Inference From Fact of Accident Alone

The mere fact that an accident happened, standing alone, does not, unless otherwise expressly stated, permit the jury to draw the inference that the accident was caused by anyone's negligence.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.06 (4th ed. 1987)

REQUEST NO 16            Railroad Not Bound to Anticipate Any Possible Accident

The law does not require that the railroad anticipate every possible accident.

Brady v. United States, 320 U.S. 476, 483 (1943)

REQUEST NO. 17      Railroad Owes No Higher Duty of Care

The defendant owes no duty to the plaintiff to exercise a higher degree of care for his safety than the plaintiff owed to himself.

Lindell v. Burlington Northern R. Co., 1989 WL 145385 (9th Cir. 1989).