REQUEST NO. 18          No Duty To Anticipate Plaintiff's Negligence

Defendant cannot be charged with negligence in this case by failing to anticipate a

lack of due care on the part of the plaintiff.

Atlantic Coast Line R.R. v. Dixon, 189 F. 2d 525, 527 (5th Cir.) (1951)

McGovern v. Northern Pac. Ry. Co., 132 F.2d 213, 217 (8th Cir. 1942)

Kurn v. Stanfield, 111 F. 2d 469, 473 (8th Cir. 1940)

REQUEST NO. 19          Safest Tools or Methods Not Required

The railroad is not required to provide an employee with the latest, best or most perfect tools or methods in the workplace, and the fact that there may be a safer alternative is of no significance where the tools or methods are not inherently unsafe. The test is simply whether or not the railroad has exercised reasonable care to make the workplace reasonably safe.

Taylor v. Illinois Cent. R. Co., 8 F. 3d 584, 586 (7th Cir. 1993)

Stillman v. Norfolk & W. Ry. Co., 811 F. 2d 834, 837 (4th Cir. 1987)

REQUEST NO. 20          The Causation Element of Plaintiff's Claim

In addition to establishing, by a fair preponderance of the evidence, that the defendant was negligent in one or more of the particulars alleged, plaintiff must also establish by a fair preponderance of the evidence that an injury to the plaintiff resulted in whole or in part from the negligence of the railroad. In other words, did the defendant's negligence play a part in bringing about an injury to the plaintiff.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94. 12 (4th ed. 1987)

Modern Federal Jury Instructions, Ch. 89, Instruction 89-22 (Matthew Bender 1997)

45 U.S.C. § 51

REQUEST NO. 21        Proximate Cause Defined

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damages was either a direct result or reasonably probable consequence of the act or omission.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 80.18 (4th ed. 1987)

REQUEST NO. 22            Damages-Must Have Been Cause in Whole or Part By
                         Accident

You are not to award damages for any injury or condition from which the plaintiff

may have suffered, or may now be suffering, unless it has been established by a

preponderance of the evidence in the case that such injury or condition was caused, in

whole or part, by the accident in question.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 85.15 (4th ed. 1987)

REQUEST NO. 23          Contributory Negligence-Definition

In addition to denying that any negligence of the defendant caused any injury

or damage to the plaintiff, the defendant alleges, as a further defense, that some

contributory negligence on the part of the plaintiff was a cause of any injuries and

consequent damages plaintiff may have sustained. Contributory negligence is fault on

the part of a person injured, which cooperates in some degree with the negligence of

another, and so helps to bring about the injury.

By the defense of contributory negligence, the defendant in effect alleges that,

even though the defendant may have been guilty of some negligent act or omission which

was one of the causes, the plaintiff, by failing to use ordinary care under the

circumstances for his own safety, at the time and place in question, also contributed to

one of the causes of any injuries and damages plaintiff may have suffered.

The burden is on the defendant, alleging the defense of contributory negligence,

to establish, by a preponderance of the evidence, the claim that the plaintiff was also at

fault, and that such fault contributed to one of the causes of any injuries and consequent

damages plaintiff may have sustained.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.16 (4th ed. 1987)

REQUEST NO . 24    Same Standards For Negligence and Contributory Negligence

To determine whether the plaintiff was "contributorily negligent" you apply the same definition of negligence discussed earlier, that is, did the plaintiff take, or fail to take, actions which a reasonably prudent person would have taken in the circumstances. You also apply the same rule of causation, that is, did the plaintiff's negligence, if any, play a part in bringing about his injuries. Your determination should be based on a preponderance of the evidence.

Modern Federal Jury Instruc., Ch. 89, Instruction 89-24 (Matthew Bender, 1997)

REQUEST NO. 25          Comparative Negligence

So if you should find, from a preponderance of the evidence, that the defendant was guilty of negligence which caused, in whole or part, any injury or damage to the plaintiff; and if you should further find, from a preponderance of the evidence, that the plaintiff himself was guilty of some contributory negligence which contributed toward bringing about all or part of his own injury, then the total award of damages to the plaintiff must be reduced by an amount equal to the percentage of fault or contributory negligence chargeable to the plaintiff.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.18 (4th ed. 1987)

REQUEST NO. 26    Comparative Fault: Apportionment of Fault Among Parties

If you find that the defendant's negligence caused or contributed to plaintiff's injury, you must assess a percentage of fault to each such party that you find caused or contributed to cause plaintiff's injury. You will do that by indicating, on the special verdict for, what percentage of the fault, if any, of plaintiff's injury is attributable to defendant.

If you find that plaintiff's own negligence caused or contributed to cause his own injury, you must assess a percentage of fault as to the plaintiff. You will do this by indicating the percentage of plaintiff's negligence, if any, on the special verdict form. The total of all such fault or negligence should be one hundred percent.

If you assess a percentage of fault to defendant, then, disregarding any fault on the part of the plaintiff, you must determine the total amount of plaintiff's damages to be such sum as will fairly and justly compensate the plaintiff for any damages you believe he has sustained (and is reasonably certain to sustain in the future) as a direct result of the occurrence mentioned in the evidence. You must state such total amount of plaintiff's damages in your verdict.

In determining the total amount of plaintiff's damages you must not reduce such damages by any percentage of fault you may assess to the plaintiff. The court will compute plaintiff's recovery, if any, on the basis of the percentages of fault that you assess.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 80.29 (4th ed. 1987)

REQUEST NO. 27          Contributory Negligence-Cautionary

On the other hand, if you should find (1) that the defendant was not negligent, or (2) that the defendant was negligent, but this negligence was not a cause of injury or damage sustained by the plaintiff, then your verdict should be for the defendant.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.19 (4th ed. 1987)

REQUEST NO. 28          Plaintiff's Violation of Safety Rule

A plaintiff's violation of a railroad's safety or operating rule is evidence of

contributory negligence by the plaintiff. Flanigan v. Burlington Northern, Inc., 632 F.2d

880, 883 (8th Cir. 1980); Teers v. Chicago, South Shore & South Bend R., 238 F.2d 223,

226 (7th Cir. 1956); Uhrhan v. Union Pac. R. Co., 617 N.E. 2d 1182, 1187 (Ill. Sup. Ct.

1993); Hancock v. Norfolk & W. Ry. Co., 529 N.E. 2d 937, 941 (Ct. App. Ohio 1987);

Wehri v. Wabash R.R. Co., 315 S.W. 2d 765, 775 (Mo. 1958).

REQUEST NO. 29    Duty of Plaintiff Regarding Choice of Way to Perform Work

You are instructed that if the plaintiff had a choice of way to perform the activity in which he was engaged at the time of the incident, one way involving danger and risk of injury to himself and another way that was safe or less dangerous and he voluntarily chose the unsafe or more dangerous way, then you may find that the plaintiff was negligent, if the risk of injury was obvious and such as that a man of ordinary care would avoided.

Jackson v. Illinois Ry., 224 F. 2d 76, 77 (7th Cir. 1955)

Wadiak v. Illinois Cent. R.R., 208 F. 2d 925, 930 (7th Cir. 1953)

Eversole v. Consolidated Rail Corp., 551 N.E. 2d 846, 851 (Ct. App. Ind. 1990)

REQUEST NO. 30    Comparative Negligence-Examine After All the Evidence

In determining whether defendant has satisfied its burden of proving the plaintiff's own negligence in this matter, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 85.15 (4th ed. 1987)

REQUEST NO. 31          Issues To Be Determined

In summary, the liability issues to be determined by you the jury in this case are:

First:   Was the defendant negligent in one or more the particulars alleged?

If your answer to that question is "No," you will return a verdict for the defendant; but if your answer is "Yes," you then have a second issue to determine, namely:

Second: Did the negligence of the defendant cause or contribute to any injury and damage to the plaintiff?

If your answer to the question is "No," you will return a verdict for the defendant, but if your answer is "Yes," you must then find the answer to a third question, namely:

Third:  Was the plaintiff guilty of some contributory negligence?

If you should find that he was not, then, having found in plaintiff's favor in answer to the first two questions, you will proceed to determine the amount of plaintiff's damages and return a verdict in the plaintiff's favor for that amount. On the other hand, if you should find, from a preponderance of the evidence, that the plaintiff himself was guilty of some contributory negligence, and that plaintiff's fault caused or contributed to any injuries which plaintiff may have sustained, then you must compare the negligence of the parties, and return a verdict in favor of the plaintiff for a reduced amount based upon the comparison.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.20 (4th ed. 1987)

REQUEST NO. 32          Consider Damages Only if Necessary

You reach the issue of damages only if you find that the plaintiff has established all of the elements of liability, as I have explained them, by a fair preponderance of the evidence. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability and I am instructing you on damages only so that you will have guidance should you decide that plaintiff has sustained his burden of proof as to all the elements of liability.

Modern Federal Jury Instructions Ch. 77, Instruction 77-1, Ch. 89, Instruction 89-27

(Matthew Bender, 1997)

REQUEST NO. 33          Compensatory Damages Not Guesswork

If you decide to award compensatory damages, you must be guided by

dispassionate common sense. Computing damages may be difficult, but you must not let

that difficulty lead you to engage in arbitrary guesswork.

Modern Fedl. Jury. Instruc., Ch. 77, Instruction 77-3 (Matthew Bender 1997)

REQUEST NO. 34          Damages-Reasonable-Not Speculative

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence, resulted in whole or in part from the negligence of the defendant. You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 85.14 (4th ed. 1987)

45 U.S.C. § 51

<u>REQUEST NO. 35</u>          Elements of Damages

     If you find that the defendant is liable on the plaintiff's claim of liability, then you should consider the following, and only the following elements of damage, each of which must be proved by plaintiff by a fair preponderance of the evidence. [ List only relevant elements of damages]

    3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.19 (4th ed. 1987)

REQUEST NO. 36        Injury Must Be Caused By Negligence

Plaintiff is not entitled to recover damages for an injury or condition that is separate and distinct from the injury alleged to have resulted from the incident in question. You are instructed that the defendant is liable only if and to the extent that all or part of the injury for which plaintiff seeks recovery in this action was caused by the defendant's negligence.

Modern Federal Jury Instruc., p. 89-95 (Matthew Bender 1997) (modified from suggested

8th Circuit instruction quoted in comment)

<u>REQUEST NO. 37</u>          Damages- Duty to Mitigate

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of any such injuries and to effect a recovery from those injuries.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.19 (4th ed. 1987)

REQUEST NO. 38          Damage Award Is Not Taxable

If you make any award of damages, the award will not be subject to any income

taxes and you should not consider such taxes in fixing the amount of the damages

awarded, if any. Norfolk & Western Ry. Co. v. Liepelt, 444 U.S. 490, 492 (1980); Model

Federal Jury Instruc. c. 89, Instruction 89-36 (Matthew Bender, 1997)

REQUEST NO. 39          Damages-Lost Income-Net Earnings

If you find by a fair preponderance of the evidence that plaintiff is entitled to

recover for lost earnings, whether in the past or the future, you should calculate any past

or future loss of earnings on the basis of plaintiff's net income, that is, the earnings that

would be left to the plaintiff after deduction of all income taxes. Norfolk & Western Ry.

Co. v. Liepelt, 444 U.S. 490, 496-98 (1980); Fanetti v. Hellenic Lines, Ltd., 678 F.2d

424, 431, (2nd Cir. 1982), *cert. denied* 463 U.S. 1206 (1963); Kurowski v. United States,

660 F. Supp. 442, 454 (S.D.N.Y. 1987); Nagi v. Sea-Land Service, Inc., 1988 WL

125685, *7 (S.D.N.Y. 1988)

REQUEST NO. 40          Damages-Award For Future Elements-Present Value

If you the jury should find that the plaintiff is entitled to a verdict, and further find

that the evidence in the case established a reasonable likelihood of future damages, then it

becomes the duty of you the jury to ascertain the present worth in dollars of any such

future damages, since the award of future damages necessarily requires that payment be

made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be

reimbursed in advance of the loss, and so will have the use of money which plaintiff

would not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of

money representing a lump sum payment of anticipated future loss, take (1) the interest

rate or return which the plaintiff could reasonably be expected to receive on an

investment of the lump sum payment, together with (2) the period of time over which the

future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from

the total amount of anticipated future loss whatever the amount would be reasonably

certain to earn or return if invested at such rate of interest over such future period of time;

and include in the verdict an award for only the present-worth – the reduced amount – of

the total anticipated future loss. This computation is readily made by using the so-called

"present worth" tables, which the Court has judicially noticed and received in evidence in

this case.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 85.11 (4th ed. 1987);

De Chico v. Metro North Commuter R.R., 758 F. 2d 856 (2d Cir. 1985)

REQUEST NO. 41    Duty Imposed By Federal Employers' Liability Act

The Federal Employers' Liability Act under which the plaintiff claims the right to

recover damages in this action provides in part that:

> Every common carrier by railroad while engaging in commerce between
> any of the several States . . . shall be liable in damages to any person
> suffering injury while it is employed by such carrier in such commerce, . .
> for such . . . resulting in whole or in part from the negligence of any of the
> officers, agents, or employees of such carrier. . .

It is agreed that, at the time and place alleged by plaintiff, the defendant was a

common carrier by railroad, engaged in interstate commerce, that the plaintiff was then

an employee of the defendant railroad, engaged in such commerce, and the that the

plaintiff's right to recovery is governed by the provisions of the Federal Employers'

Liability Act.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.19 (4th ed. 1987)

REQUEST NO. 42          Duty of Employer As to Place of Work

It was the continuing duty of the defendant, as an employer, at the time and place in question, to use ordinary care under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition. This does not mean, or course, that the employer is a guarantor of the safety of the place to work. The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe, under the circumstances shown by the evidence in the case.

3 Devitt, Blackmar & Wolff, Fedl. Jury Prac. & Instruc. § 94.19 (4th ed. 1987)

REQUEST NO. 43          Notice to Defendant

Before you may find the defendant liable for the injury to the plaintiff resulting from a defective condition, you must be satisfied that the railroad had either actual or constructive notice of the defective condition and that it had a reasonable opportunity to remove or remedy the condition before the incident that is the subject of this action.

Actual notice of a condition is said to exist when one has direct information of the condition. Constructive notice of a condition is said to exist when the condition is plainly visible or has existed long enough that by the use of reasonable care it should have been discovered. The legal effect of constructive notice is the same as actual notice.

To find that the defendant had notice, either actual or constructive, of a defective condition, you must be satisfied that the notice was received by an employee who was authorized to repair or remedy such condition, or by an employee having a duty to report such condition to one in authority, or by a person who, in a reasonable delegation of responsibility, ought to have had that authority or duty.

Hartel v. Long Island Railroad Co., 356 F. Supp. 1192 (S.D. N.Y. 1972), *aff'd* 476 F.2d

462 (2d Cir. 1972), *cert. denied* 414 U.S. 980 (1973).

Gallose v. Long Island Railroad, 878 F. 2d 80 (2nd Cir. 1980)