UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------------X
HUGH DEAR,

                   Plaintiff,             04 Civ. 11803 (RWZ)

    -against-

MASSACHUSETTS BAY COMMUTER
RAILROAD,

                  Defendant.
-------------------------------------------------------------X


## PLAINTIFF'S REQUEST TO CHARGE


Michael Flynn, Esq.
Law Offices of Michael Flynn, PLLC
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

Request to Charge 1

Introduction

The plaintiff, Hugh Dear, brings this action against the defendant Massachusetts

Bay Commuter Railroad under the Federal Employers Liability Act or FELA.  That act

provides in substance that every railroad engaged in interstate commerce shall be liable in

damages for injuries to its employees resulting in whole or in part from the negligence of

any of its officers, agents or employees or from any defect or deficiency, due to its

negligence, in its cars, machinery, track, roadbed or work areas.

———————————

Modern Federal Jury Instructions, §89.02
Instruction 89-1
45 U.S.C. Section 51.

Request to Charge 2

Elements

In order to find defendant liable to plaintiff, under the FELA statute, you must find by a preponderance of the evidence:

First, that defendant is a railroad engaged in interstate commerce;

Second, that plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to plaintiff.

Only then should you reach the question of damages, which I will discuss later.

---

Modern Federal Jury Instructions, §89.02
Instruction 89-2
45 U.S.C. Section 51.
Devitt & Blackmore, §94.12

Request to Charge 3

Stipulated Elements

In this case, the parties agree that the first two elements exist. Therefore, you must consider them proven already. You need only concern yourself with the third and fourth elements.

Request to Charge 4

## Negligence

The third element is whether defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer.  Plaintiff can only recover from defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.

Modern Federal Jury Instructions, §89.02
Instruction 89-8                              _____

Request to Charge 5

## Negligence Defined

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.

Modern Federal Jury Instructions, §89.02
Instruction 89-9                             _____

United States Supreme Court: Gallick v. Baltimore & O.R. Co., 372 U.S. 108, 118, 83 S. Ct. 659, 9 L. Ed. 2d 618 (1963); Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 67, 63 S. Ct. 444, 87 L. Ed. 610 (1943).

Request to Charge 6

Duty To Guard Against Foreseeable Risks

This definition of negligence requires defendant to guard against those risks or

dangers of which it knew or by the exercise of due care should have known.  In other

words, defendant's duty is measured by what a reasonably prudent person would

anticipate or foresee resulting from particular circumstances.

---

Modern Federal Jury Instructions, §89.02
Instruction 89-10

United States Supreme Court:  Gallick v. Baltimore O.R. Co., 372 U.S. 108,
117-18, 83 S. Ct. 659, 9 L. Ed. 2d 618 (1963); Urie v. Thompson, 337 U.S. 163, 178, 69
S. Ct. 1018, 95 L. Ed. 1282 (1949).

Second Circuit:  Hartel v. Long Island R. Co., 476 F.2d 462, 464 (2d Cir.
1973).

Request to Charge 7

## Corporation Can Act Only Through Agents

A corporation is in law a person, but of course it cannot act otherwise than through its directors, or officers, or employees, or other agents. The law therefore holds a corporation responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided such unlawful acts are done within the scope of their authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.

Request to Charge 8

Foreseeability Considerations

How do you determine whether defendant knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that defendant failed to take such reasonable precautions, then you may find that defendant was negligent.

Modern Federal Jury Instructions, §89.02
Instruction 89-11

Request to Charge 9

Standard Varies With Level of Risk

The degree of care required by the reasonable care standard varies with the

level of risk.  The greater the risk of harm, the greater the required level of care.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-12

United States Supreme Court:  Urie v. Thompson, 337 U.S. 163, 179, 69 S. Ct.
1018, 93 L. Ed. 1282 (1949); Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 63 S. Ct.
1062, 87 L. Ed. 1444 (1943); Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 67, 63 S.
Ct. 444, L. Ed. 610 (1943).

Request to Charge 10

Duty To Provide Safe Place To Work

Thus, the Federal Employers' Liability Act imposed on defendant a duty to

plaintiff, and to all its employees, to exercise reasonable care to provide him with a

reasonably safe place in which to work, reasonably safe conditions in which to work and

reasonably safe tools and equipment.

———————————

Modern Federal Jury Instructions, §89.02
Instruction 89-13

United States Supreme Court: Shenker v. Baltimore & Ohio Railroad Co., 374
U.S. 1, 7, 83 S. Ct. 1667, 10 L. Ed. 2d 709 (1963); Urie v. Thompson, 337 U.S. 163, 178
n.16, 69 S. Ct. 1018, 1028 n.16, 93 L. Ed. 1282 (1949); Bailey v. Central Vermont R.
Co., 319 U.S. 350, 63 S. Ct. 1062, 87 L. Ed. 1444 (1943).

Second Circuit: Crane v. Consolidated Rail Corporation, 731 F.2d 1042, 1048
(2d Cir.) cert. denied, 105 S. Ct. 179 (1984).

Third Circuit: Carter v. Union Railroad Co., 438 F.2d 208 (3d Cir. 1971);
Pehowic v. Erie Lackawana Railroad Co., 430 F.2d 697 (3d Cir. 1970).

Request to Charge 11

Duty To Inspect

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger. This duty applies to premises owned by the railroad and to premises owned by third parties where railroad employees are required to work.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-15

United State Supreme Court: Shenker v. Baltimore & O. Ry. Co., 374 U.S. 1, 83 S. Ct. 1667, 10 L. Ed. 2d 709 (1963).

Request to Charge 12

Procedures and Methods

Similarly, you may find defendant negligent if you find that it instructed its

employees to perform tasks either with a number of employees or a procedure or method

which it knew or in the exercise of reasonable care should have known, would result in

injury.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-18

United States Supreme Court:  Stone v. New York, Chicago & St. Louis R.
Co., 344 U.S. 407, 408, 73 S. Ct. 358, 359, 97 L. Ed. 441 (1953).

Request to Charge 13

### Causation

The fourth element is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?

However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-22

United States Supreme Court: Rogers v. Missouri Pac. Ry. Co., 352 U.S. 500, 506, 77 S. Ct. 443, 1 L. Ed. 2d 493 (1957).

Second Circiut: Farnajian v. American Isbrandtsen Lines, Inc. 474 F.2d 361, 364 (2d Cir. 1973); DeLima v. Trinidad Corporation, 302 F.2d 585, 587, 588 (2d Cir. 1982).

Request to Charge 14

## Contributory Negligence

I have already explained that you may find defendant liable to plaintiff if the railroad negligently failed to provide plaintiff with a safe place to work or was otherwise negligent, and if such negligence played a part, even the slightest, in causing plaintiff's injuries. In this case, defendant has contended that plaintiff's injuries were due [at least in part] to plaintiff's own negligence. This is referred to as "contributory negligence." However, if you find that plaintiff was negligent, that does not prevent plaintiff from recovering damages if you find that defendant's negligence also played a part in causing plaintiff's injuries. Rather, it would result in a reduction of plaintiff's damages in proportion to the amount of negligence attributable to plaintiff, as I will explain in detail shortly.

Modern Federal Jury Instructions, §89.02
Instruction 89-23

45 U.S.C. Section 53.

United States Supreme Court: Carter v. Atlantic & St. Andrews Bay Ry. Co.,
338 U.S. 430, 436-37, 70 S. Ct. 226, 94 L. Ed. 236 (1949).

Request to Charge 15

Same Standards

        To determine whether the plaintiff was "contributorily negligent," you apply the same definition of negligence discussed earlier, that is, did plaintiff take, or fail to take, actions which a reasonably prudent person would have taken under the same circumstances. You also apply the same rule of causation, that is, did plaintiff's negligence, if any, play any part in bringing about his injuries.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-24

        Third Circuit: Legette v. National R. Passenger Corp., 478 F. Supp. 1069, 1073 (E.D. Pa. 1979).

        Fifth Circuit: Alverez v. J. Ray McDermott & Co., 674 F.2d 1037, 1043 (5th Cir. 1982); Page v. St. Louis Southwestern Ry. Co. (Page II), 349 F.2d 820, 822-24 (5th Cir.1965).

        Sixth Circuit: Weese v. Chesapeake & O. Ry. Co., 570 F.2d 611, 615, n.4 (6th Cir. 1978); Dixon v. Penn Central Co., 481 F.2d 833, 835 (6th Cir. 1973).

Request to Charge 16

Comparative Negligence

Now, assuming that you find by a preponderance of the evidence that defendant was negligent and that its negligence played a part in causing plaintiff's injuries; and assuming that you find that plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which plaintiff's negligence, if any, contributed to his injuries. You will report this percentage on the special verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find his negligence contributed to his own injuries.

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence.

———————————

Modern Federal Jury Instructions, §89.02
Instruction 89-25

45 U.S.C. Section 53.

Request to Charge 17

Damages--Introduction

The fact that I charge you on the issue of damages does not mean that plaintiff is entitled to prevail--that is for you to decide. I instruct you on this subject only in the event you decide that plaintiff has sustained his burden of proof as to the first four elements.

Modern Federal Jury Instructions, §89.02
Instruction 89-27

Request to Charge 18

Damages--Generally

The purpose of the FELA is to compensate an injured party for the damages

sustained as a result of another's negligent conduct (or conduct in violation of an

applicable safety statute).

Your award must be fair and just.

It should neither be excessive nor inadequate; it should be reasonable.

Modern Federal Jury Instructions, §89.02
Instruction 89-28

Request to Charge 19

Personal Injury Action

Under the FELA and the Safety Appliance Act, the plaintiff, if he has sustained his burden of proof, may recover for:

1. Loss of earnings from the time of the accident to the present, and in the future;

2. Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present; and

3. Pain, suffering and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury.

The plaintiff may also recover his out of pocket expenses, such as medical bills.

Modern Federal Jury Instructions, §89.02
Instruction 89-29

United States Supreme Court: Chesapeake & O. Ry. v. Carnahan, 241 U.S. 241, 243-45, 36 S. Ct. 594, 60 L. Ed. 979 (1916).

Second Circuit: Grunenthal v. Long Island R. Co., 388 F.2d 480, 484 (2d Cir.), rev'd on other grounds, 393 U.S. 156, 89 S. Ct. 331, 21 L. Ed. 2d 309 (1968).

Request to Charge 20

Permanent Injury--Future Pain and Suffering

If you find that any of plaintiff's injuries are permanent, you must make such allowance in your verdict as you think circumstances warrant, taking into consideration the period of time that has elapsed from the date of the injury to the present time, and the period of time plaintiff can be expected to live. In this connection, it is pointed out to you that plaintiff is now 39 years of age and, according to the Mortality Tables, has a life expectancy of 38.0 and a work expectancy of 21.9. Such tables are, of course, nothing more than statistical averages and are not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health, his habits, employment and activities, in determining what the plaintiff's present life expectancy is.

Life Tables, Vital Statistics - 1978, U.S. Department of Health, Education & Welfare. Table of Working Life:  Males, 1970, New York Pattern Jury Instructions.

Request to Charge 21

## Aggravation of Pre-Existing Injury

If you find that before this accident the plaintiff had a pre-existing condition, and further find that because of the accident this condition was aggravated so as to cause suffering and disability, then the plaintiff is entitled to recover for any disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment or disability which existed prior to the accident or for any injuries which he may now be suffering which were not caused or contributed to by the accident. Recovery must be confined to that damage due to enhancement and aggravation of the pre-existing condition, not the condition itself. In essence, then, plaintiff should be compensated to the extent that you find that he was further disabled by defendant's negligence.

_____

New York Pattern Jury Instruction 2:282

Request to Charge 22

## Loss of Past Earnings

There are two categories of lost earnings: past lost earnings, that is, from the date of injury to trial; and future lost earnings, that is, from the date of trial into the future.

Regarding past lost earnings, there has been evidence that plaintiff did not work for some period of time after the date of his injury, and that his usual compensation between that time and now would have been $_____

Modern Federal Jury Instructions, §89.02
Instruction 89-31

Request to Charge 23

Award Is Not Taxable

If you make any award of damages, such award is not subject to federal income

taxes and you should not consider such taxes in determining the amount of damages, if

any.

---

Modern Federal Jury Instructions, §89.02
Instruction 89-36

United States Supreme Court: Norfolk and Western Ry. Company v. Liepelt,
444 U.S. 490, 100 S. Ct. 755, 62 L. Ed 2d 689 (1980).
Second Circuit: Gretchen v. United States, 618 F.2d 177, 181 (2d Cir. 1980).

DATED: NASSAU, NEW YORK
         ~~February~~   , 2005
         July 13

                              LAW OFFICES OF MICHAEL FLYNN, PLLC
                              Attorneys for Plaintiff
                              1205 Franklin Avenue
                              Garden City, NY 11530
                              (516) 877-1234

                              By: _____
                                    MICHAEL FLYNN

TO:    Law Offices of John J. Bonistalli
       One Financial Center
       Boston, MA 02111