UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUGH DEAR,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>COMMUTER RAILROAD,<br>    Defendant | )<br>)<br>)<br>)   CIVIL ACTION NO. 04-11803 RWZ<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD'S OBJECTIONS TO AUDIOVISUAL TESTIMONY GIVEN BY PLAINTIFF'S EXPERT, DR. WILLIE CATER, M.D. ON JULY 11, 2005

Now comes the defendant Massachusetts Bay Commuter Railroad ("MBCR") and submits its objections to testimony given by the plaintiff's expert, Dr. Willie Cater, M.D., during Dr. Cater's audiovisual deposition on July 11, 2005.

Objection 1

Page 14, Lines 6-14.  Lack of foundation.  The question calls for a response based upon speculation.

Objection 2

Page 18, Lines 22-23.  The question calls for a response based on hearsay, as the witness is testifying to what someone else told the plaintiff.   The question is also leading in form.

Objection 3

Page 20, Lines 20-24.  Page 21, Lines 1-16.  The question calls for an answer based upon, and the response is, speculation.  Furthermore, the form of the question is improper in that it fails to narrow the witness's field of expertise by omitting the phrase " in the field of orthopedics."

1

Objection No. 4

Page 22, Lines 1-14. Again the doctor is speculating. Even he can not determine if it was caused by the negligence of MBCR (the first possibility) or the negligence of the plaintiff (the second possibility), for which MBCR is not responsible.

Objection No. 5

Page 24, 14-18. The question calls for an opinion outside the witness's field of expertise and an opinion he is not qualified to make. Furthermore, the form of the question is improper in that it fails to narrow the witness's field of expertise by omitting the phrase " in the field of orthopedics." Additionally, improper foundation.

Objection No. 6

Page 25, Lines 1-18. Improper foundation, and as to lines 12-17, not responsive to the question posed.

Objection No. 7

Page 26, Lines 8-15. The question calls for an answer based upon, and the response is, speculation. Furthermore, the form of the question is improper in that it fails to narrow the witness's field of expertise by omitting the phrase " in the field of orthopedics."

Objection No. 8

Page 64, Lines 3-10. Leading question posed on re-direct examination of his own witness.

Respectfully Submitted,
Massachusetts Bay Commuter Railroad

By Its Attorneys

Dated: 7-15-05

John J. Bonistalli, Esq., (BBO# 049120)
Law Offices of John J. Bonistalli
One Financial Center
Boston, MA 02111
(617) 695-3755, ext. 22

## CERTIFICATE OF SERVICE

I, John Bonistalli, attorney for the defendant, Massachusetts Bay Commuter Railroad, hereby certify that a true copy of the foregoing document was delivered, via first class mail, postage prepaid to plaintiff's counsel this 15 day of July, 2005 to: Michael Flynn, Esquire, LAW OFFICES OF MICHAEL FLYNN, PLLC, 1205 Franklin Avenue, Garden City, NY 11530

3