UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X

HUGH DEAR,

                Plaintiff,                      04 Civ. 11803 (RWZ)

  -against-

MASSACHUSETTS BAY COMMUTER      PLAINTIFF'S MOTIONS
RAILROAD,                                          IN LIMINE

                Defendant.

-------------------------------------------------------------X

Plaintiff makes the following Motions in Limine:

First: Defendant claims in the Joint Pre-Trial Order that the plaintiff violated two safety rules: 4014 and 4253. Plaintiff moves to exclude reference to the safety rules on the grounds that they are inapplicable and irrelevant to this case. FRE 401.

    Rule 4014 states:    "Only walk through steam, smoke or other such
    vapor or substance when it does not obscure the view of the walking area."

There is no evidence in this case that the plaintiff walked into steam, smoke or other such vapor or substance.

    Rule 4253 states:    "When handling material: (a) Avoid dislodging
    nearby loose material or object which is likely to catch hand, foot or
    other part of body. (b) Keep clear of holes, slippery surface or
    obstructions in order to prevent slipping, falling or being caught by
    material."

There is no evidence in this case of any dislodging nearby loose material or objects, holes, slippery surfaces or obstruction nor is there any evidence of slipping, falling or being caught by material.

Defendant also, in plaintiff's deposition, marked as an exhibit, Rule 4563, which states:

"Apply grounding device only when authorized to do so by the person in charge. The following procedures must be adhered to: (a) Inspect all grounding equipment: sticks, cables and clamps for defects. DO NOT USE DEFECTIVE EQUIPMENT. (b) The person in charge must have received the proper clearance form, properly filled in, that the line, apparatus or equipment to be worked on has been de-energized. (c) When it is necessary to ground the catenary system, all grounding shall be completed with the power removed FROM THE TRACK TO BE GROUNDED. (d) When it is necessary to remove the power from any of the electrified system for repair or renewals of that portion or projection, and when the grounding of the system will be from an overtrack structure or signal bridge. NO ADVANCE GROUNDING PREPARATION will commence prior to the de-energizing that portion of the system in which the work is to be performed. (e) Upon daily completion of work and BEFORE RE-ENERGIZING any electrified system, all grounding apparatus must be removed from the walkway of a signal bridge, inspected again for defects and properly stored."

There is no evidence that the plaintiff was grounding any device or working with any power catenary system or electrical equipment of any type at the time of the accident. Allowing the defendant to argue irrelevant rules is likely to confuse the jury and prejudice the plaintiff. Therefore, on the grounds of relevancy, FRE 401, the Court should exclude and prohibit the defendant from raising any issue concerning these safety rules.

Additionally, self serving statements in the defendant's accident report claiming a violation of safety rules which are not relevant should be excluded.

Second:   Plaintiff moves to exclude any reference to professional athletes in the NBA and NFL who have had knee injuries and returned to playing sports. Defense counsel, in his cross examination of Dr. Willie J. Cater, made a number of references to pro-athletes in general, implying that professional athletes who have had similar injuries to the plaintiff have returned to playing professional sports before the plaintiff returned to his railroad job. Mr. Bonistalli ignores the fact that there are professional athletes whose careers were ruined by

knee injuries. Regardless, comparison of the plaintiff to one or more professional athletes is both irrelevant and unfair and should not be permitted by the Court.

Third:      During the plaintiff's deposition he answered questions concerning a carpal tunnel injury he sustained to his right arm from hitting a lining bar into the ground back in 2000 which he settled with Amtrak for $25,000.00. Plaintiff moves to exclude any testimony or reference to this prior injury, claim or settlement as irrelevant under both FRE 401 and 404.

Fourth:      Object to defendant calling any witnesses that are not listed in the PTO. Defendant has recently indicated that they wish to call James McCabe and Daniel McNall for the purpose of testifying that the Amtrak Safety Rules were in effect at the time of the accident. Plaintiff is willing to Stipulate to the fact that the Amtrak Safety Rule Book was in effect on MBCRR at the time of the accident eliminating the need to call either witness.

DATED: July 19, 2005
       NASSAU, NEW YORK

                             Law Offices of Michael Flynn, PLLC
                             Attorneys for Plaintiff
                             1205 Franklin Avenue
                             Garden City, NY 11530
                             (516) 877-1234

                             By: _____
                                  MICHAEL FLYNN

CERTIFICATE OF SERVICE

I, Michael Flynn, attorney for the plaintiff, Hugh Dear, hereby certify that a true copy of the foregoing document was delivered, via overnight mail, postage prepaid to defendant's counsel this 19th day of July, 2005, to:

        Law Offices of John J. Bonistalli
        One Financial Center
        Boston, MA 02111

_____
MICHAEL FLYNN