UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X

HUGH DEAR,

               Plaintiff,                  04 Civ. 11803 (RWZ)

   -against-

MASSACHUSETTS BAY COMMUTER         PLAINTIFF'S OPPOSITION TO
RAILROAD,                            DEFENDANT'S MOTION IN
                                      LIMINE CONCERNING THE
             Defendant.          VIDEO TAPED DEPOSITION
-------------------------------------------------------------X OF DR. WILLIE J. CATER

**Objection 1:** P. 14, L. 6-14 – Defendant objects to lack of foundation and calls for

speculation. The question "Can you explain how a direct blow like that can cause a tear to the

medial meniscus?" calls for an explanation of the doctor's opinion given in response to the

previous two questions, which lay the foundation for this explanation.

On P. 13, L. 19, the doctor gives his opinion that the meniscal tear was the result of

having been injured at work as related to him by the patient. In the subsequent question, he

confirmed that the medical history included the fact that the plaintiff walked into a hitch. The

question objected to, merely asks for an explanation as to how a direct blow as walking into a

hitch can cause a tear of the medial meniscus. There is a foundation and does not ask for

speculation.

The Court should therefore over-rule the defendant's objection.

**Objection 2:** P. 18, L. 22-23 – Defendant objects on the basis of hearsay. However,

there is no hearsay issue raised in either the question or the answer. The question is whether

the plaintiff told the doctor whether there was any modified duty available for him at work

and in the doctor's answer, he indicated that the plaintiff said there was no modified job

available. He didn't say that someone at work told him there was no modified duty available,

in fact, there is no reference to any other person or other conversations that might be construed as hearsay. The plaintiff knows from his own personal knowledge that there is no modified duty available in his craft at the railroad. Defendant also objects that the question is leading. A leading question is defined in Blacks Law Dictionary, 4th Edition, Page 1034 as:

"one which instructs a witness how to answer or put in his mouth, words to be echoed back . . . one which suggests to the witness the answer desired . . . that a question may be answered yes or no does not necessarily make it leading."

The question as asked, "did he indicate whether there was any modified duty available?" does not suggest an answer. The doctor could have said that the plaintiff did not indicate anything about modified duty. He could have said that he never inquired of the plaintiff as to whether there was any modified duty. He could have answered there was no modified duty or yes, there was modified duty, but he wasn't interested in it. Consequently, there are many different answers, none of which are suggested by the question itself and therefore, the question is not leading.

The Court should therefore over-rule the defendant's objection.

**Objection 3:** P. 20, L. 20-24 – Defendant objects on the basis of speculation and omitting the phrase "in the field of orthopaedics". The question as phrased "Do you have an opinion with reasonable medical certainty as to what caused the small tear of the posterior medial meniscus?" is a standard form question that calls for a medical opinion and not speculation. I am not familiar with any requirement that the phrase "in the field of orthopaedics" be included in posing opinion questions. The defendant offers no authority for that proposition.

The Court should therefore over-rule the defendant's objection.

**Objection 4:** P. 22, L. 1-14 – Defendant objects on the grounds of speculation. It is not speculation to offer two potential causes of chondromalacia. The doctor explained that the chondromalacia found in the second operation was not seen in the first surgery because of two possible reasons. First is that the injury caused articular damage but it takes awhile for that to manifest itself as chondromalacia. The second possibility is while the plaintiff was exercising during his rehabilitation, he felt patella femoral joint pain and that it is possible the chondromalacia was related to his exercise program.

Neither of these possibilities address the question of negligence suggested by the defendant. Certainly, there is no evidence of any negligence on the part of the plaintiff during his rehabilitation which would be responsible for the chondromalacia and none is offered. The burden would be on the defendant to prove that the plaintiff was negligent. The defendant has never claimed that the plaintiff was negligent in his rehabilitation and that it caused the development of chondromalacia.

The Court should therefore over-rule the defendant's objection.

**Objection 5:** P. 24, L. 14-18 – Defendant objects that the question is outside the witness' expertise and that he is not qualified to give an opinion as to whether the knee injury plaintiff sustained disabled him from work from July 7, 2003 to May 1, 2005.

Whether an injury is disabling from work is a frequently asked question of doctors in personal injury litigation and in employer settings all over the country. It is common for an employer to require a doctor's note excusing an employee from employment because of a medical condition. The doctors are frequently asked their opinions regarding a variety of activities that a patient should or should not engage in for a myriad of reasons and applications. Certainly, if the doctor thought that this injury was not disabling, that would create an issue which Mr. Bonistalli would favor. At a minimum, the doctor's opinion is a

necessary foundation for a wage loss claim. Once again, I am not familiar with any requirement that the phrase "in the field of orthopaedics" be included.

Finally, defendant complained that there is an improper foundation. However, the foundation is his expertise as an orthopaedic surgeon, his examinations, review of tests, his two surgeries and his awareness of what the plaintiff does for a living, which has all been established.

Therefore, the Court should over-rule defendant's objection.

**Objection 6:** P. 25, L. 1-18 – Defendant complains that there is an improper foundation to the question "can you explain why?".

The foundation was laid in the previous question and answer which asks: "Doctor, do you have a prognosis?" and answered: "The prognosis is guarded." The question objected to "can you explain why?" merely calls for an explanation as to why the prognosis is guarded. Defendant also complains that Lines 12 through 17 are not responsive to the question. The question posed: "What is post-traumatic arthritis?". The answer is right on point. He defines it as arthritis precipitated by trauma and injury which could occur as the result of the meniscal tear itself or because the protective part of the meniscus has been removed or normal movement such as walking around can make the articulate cartilage more vulnerable to develop arthritis. That is post traumatic arthritis. The answer is responsive to the question.

The Court should therefore over-rule the defendant's objection.

**Objection 7:** P. 26, L. 1-15 – Once again the defendant objects to my failure to include the phrase "in the field of orthopaedics" without offering any authority as to why that is necessary. Defendant also claims that the response is speculative. However, it is an opinion with reasonable medical certainty that post traumatic arthritis, if it occurs, will be permanent. Once again there is nothing speculative about that response.

The Court should therefore over-rule the defendant's objection.

**Objection 8:** P. 64, L. 3-10 – Defendant objects on the basis of a leading question. Once again a leading question is defined as one which instructs a witness as to the answer or put words into his mouth. The mere fact that a question may be answered either yes or no does not necessarily make it leading. The defendant, on cross examination, spent a good deal of time discussing degenerative changes found in the plaintiff's knee. The question objected to "Doctor, did degenerative changes play any role in causing the bucket handle tear that you found in the first surgery or the residual tear you found in the second surgery?" The doctor could say: Yes, the degenerative changes played a significant role; OR: yes, the degenerative changes played a substantial role; OR: yes, the degenerative changes played a minor role; OR, yes, the degenerative changes played a slight role; OR: no, the degenerative changes played no role. The question does not suggest which answer is correct.

The Court should find that the question was not leading and over-rule the defendant's objection.

DATED: July 19 , 2005
          NASSAU, NEW YORK

                               Law Offices of Michael Flynn, PLLC
                               Attorneys for Plaintiff
                               1205 Franklin Avenue
                               Garden City, NY 11530
                               (516) 877-1234

                               By:_____
                                  MICHAEL FLYNN

TO:    Law Offices of John J. Bonistalli
        One Financial Center
        Boston, MA 02111

CERTIFICATE OF SERVICE

I, Michael Flynn, attorney for the plaintiff, Hugh Dear, hereby certify that a true copy of the foregoing document was delivered, via overnight mail, postage prepaid to defendant's counsel this 19th day of July, 2005, to:

Law Offices of John J. Bonistalli
One Financial Center
Boston, MA 02111

_____
MICHAEL FLYNN