UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUGH DEAR,<br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>COMMUTER RAILROAD,<br>    Defendant | CIVIL ACTION NO. 04-11803 RWZ |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ANY WITNESS FROM TESTIFYING THAT THE PINTEL HITCH WAS "DANGEROUS"**

Now comes the defendant Massachusetts Bay Commuter Railroad ("MBCR") and moves, in limine, to preclude the introduction into evidence of any testimony, from any witnesses, that in their subjective opinion, the pintel hitch was a "dangerous" condition. As grounds therefore, MBCR states: such opinion from lay witnesses is inadmissible as it intrudes on the jury's purview as sole fact finder of the ultimate issue. Fed. R. Evid. 701; Krueger v. State Farm Mut. Ins. Co., 707 F. 2d 312 (8th Cir. 1983) (proper for trial court to exclude lay opinion operator of car had enough time to stop); Scheib v. Williams – McWilliams Co., 628 F. 2d 509 (5th Cir. 1980) (lay witness not permitted to testify to seaworthiness of ship). As further grounds, MBCR states that the prejudice of allowing such evidence highly outweighs its probative value. Fed. R. Evid. 403. Finally, such testimony will not aid the jury in their deliberations. See Mitroff v. Xomox Corp., 797 F.2d 271, 276 (6th Cir.1986) (rejecting the opinion of a manager as to the existence of age discrimination and explaining that "seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' ...").

1

Wherefore, the defendant MBCR respectfully requests that this motion be ALLOWED and that the Court issue an order precluding any witness from testifying that the pintel hitch created a "dangerous" condition.

Respectfully Submitted,
Massachusetts Bay Commuter Railroad
By Its Attorney

Dated:

John J. Bonistalli, Esq., (BBO# 049120)
Law Offices of John J. Bonistalli
One Financial Center
Boston, MA 02111
(617) 695-3755, ext. 22

## CERTIFICATE OF SERVICE

I, John Bonistalli, attorney for the defendant, Massachusetts Bay Commuter Railroad, hereby certify that a true copy of the foregoing document was delivered to plaintiff's counsel this _____ day of _____, 2005 to: Michael Flynn, Esquire, LAW OFFICES OF MICHAEL FLYNN, PLLC, 1205 Franklin Avenue Garden City, NY 11530